**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

IOURI MIKHEL,
          *Defendant-Appellant.*

No. 07-99008

D.C. No.
2:02-cr-00220-DT
Central District of
California

OPINION AND
ORDER

Filed January 5, 2009

Before: Alfred T. Goodwin, Stephen Reinhardt, and
William A. Fletcher, Circuit Judges

---

## OPINION

Before us is defendant-appellant Iouri Mikhel's Motion to Allow Attorney-Client Access Without "SAM" Restrictions. We have jurisdiction ancillary to our jurisdiction over Mikhel's direct appeal and pursuant to our authority to "regulate practice in a particular case [before us] in any manner consistent with federal law." Fed. R. App. P. 47(b); *see Daccarett-Ghia v. Comm'r*, 70 F.3d 621, 623 (D.C. Cir. 1995) ("[A] court's authority to control its own proceedings . . . is both an inherent power and, in the federal circuit courts, embodied in Federal Rule of Appellate Procedure 47.").

Mikhel asks us to lift all restrictions imposed pursuant to 28 C.F.R. § 501.3 on his communications with his appellate counsel, the Federal Public Defender for the Central District of California. He contends that these restrictions, known as Special Administrative Measures or "SAMs," violate the Due

Process Clause and his Sixth Amendment right to effective assistance of appellate counsel. After reviewing the pleadings and the declarations filed by the parties, we order as follows:

**1. Special Administrative Measure 2(b)(i).** The SAM order currently in effect prohibits the Federal Public Defender from utilizing the services of a translator when meeting with Mikhel, a foreign national, except when "absolutely necessary where the inmate does not speak a common language with the attorney." *See* SAM 2(b)(i) (May 20, 2008). The Government asserts that Mikhel "is proficient in English" and therefore is not entitled to a translator during any meeting with his attorneys, even if that translator meets the other restrictions imposed by the SAM including the requirements that the translator be pre-cleared by the FBI and the United States Attorney for the Central District of California and that the translator never be in contact with Mikhel outside the physical presence of Mikhel's attorneys, who have also been pre-cleared by the Government. *See* Govt.'s Response at 14. The Public Defender asserts that, because Mikhel is not "a native English speaker, . . . his word selection is, at times, not precise . . . [and] his English is deteriorating somewhat . . . given his extreme isolation as a result of the SAM." Decl. of Sean Bolser at ¶ 16.

We recognize the Government's legitimate interest in ensuring that Mikhel does not surreptitiously use a translator's services to plan an escape from prison, as he has attempted to do in the past. However, "[n]umerous courts have [also] recognized that the presence of an interpreter who provides accurate and complete translations may be necessary to protect the defendant's . . . rights." *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994). Other than the use of a translator, there are no sufficient "alternative means of exercising [Mikhel's] right" to communicate fully with his counsel. *Casey v. Lewis*, 4 F.3d 1516, 1520 (9th Cir. 1993). We hold that SAM provision 2(b)(i) as applied "is an 'exaggerated response' to prison concerns" and places an unacceptable burden on Mikhel's due

process and Sixth Amendment rights. *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)). The Government's requirements that any translator assisting the Public Defender be "successfully . . . cleared by the FBI and USA/CDCA" after "submit[ting] to a background check" and that the "use of a translator by the attorney shall be in the physical and immediate presence of the attorney" at all times are adequate to achieve the Government's asserted security interests.

Accordingly, we order that in this case SAM 2(b)(i) be modified so as to parallel SAM 1(d)(i), which governs the Bureau of Prisons' own use of translators when communicating with Mikhel. Specifically, we order that SAM 2(b)(i) be amended to state that "Mikhel's attorney(s) may use Department of Justice(DOJ)-approved translators as necessary for the purpose of facilitating communication with the inmate. Any translator shall be pre-cleared under the ordinary process (see SAM footnote 2)." A sworn declaration by Mikhel's attorney provided to the appropriate representatives of the Government explaining that a translator is necessary for the purpose of facilitating communication with the inmate will be sufficient to satisfy the "necessity" component of the revised SAM provision. Accommodation of Mikhel's right in this fashion will not impose any additional burden on the Government, as the screening procedures are already mandated by and detailed in the existing SAM order. *Cf. Casey*, 4 F.3d at 1520.

**2. Special Administrative Measure 2(d).** The SAM order also provides that the "inmate's attorney may disseminate the contents of the inmate's communication to third parties for the sole purpose of preparing the inmate's post-sentencing proceedings . . . on the understanding that any such dissemination shall be made solely by the inmate's attorney, and not by the attorney's staff." SAM 2(d) (May 20, 2008). The Government has indicated that it "does not oppose . . . modifying the SAM restrictions to allow the two investigators working on behalf of Mikhel's counsel . . . to dissemi-

nate the contents of Mikhel's communication to third parties" consistent with the requirement that "they do so for the sole purpose of preparing his post-sentencing proceedings." Gov't.'s Response at 2-3. Accordingly, the SAM restrictions are modified to reflect the Government's proposed amendment.

**3.    Special Administrative Measure 2(e).** The SAM order also provides that "[a]n investigator . . . may not meet alone with the inmate." SAM 2(e) (May 20, 2008). "[A]n indigent defendant has a constitutional right to investigative services . . . when some need is demonstrated," which is invariably the case in complex capital cases. *Williams v. Stewart*, 441 F.3d 1030, 1053 (9th Cir. 2006) (quoting *Smith v. Enomoto*, 615 F.2d 1251, 1252 (9th Cir. 1980)). In order to be effective in providing investigative services, an investigator often needs to meet with the client. However, Mikhel is confined in Terre Haute, Indiana, which is 2,000 miles away from the Public Defender's office in Los Angeles. Given this substantial distance, the arbitrary requirement that an attorney or paralegal from the Public Defender's office accompany an investigator from that same office for every meeting with Mikhel imposes a significant burden on the defendant with respect to the availability of necessary investigative services.

The same SAM provision that prohibits a defense investigator from meeting alone with Mikhel provides that "[t]he inmate's pre-cleared paralegal(s) *may* meet with the inmate without the necessity of the inmate's attorney being present." SAM 2(e) (May 20, 2008) (emphasis added). We do not see, nor has the Government provided, any "valid, rational" justification for distinguishing between paralegals and investigators employed by the office of the Federal Public Defender. *Casey*, 4 F.3d at 1520. Altering SAM 2(e) so as to allow Federal Public Defender staff investigators who have satisfied the Government's pre-clearance requirements to meet with Mikhel in the absence of his attorney will not impose any additional burden on the Government or otherwise adversely

"impact . . . guards, . . . other inmates, or . . . the allocation of prison resources." *Id.* We modify SAM Restriction 2(e) to state that:

> The inmate's attorney's pre-cleared paralegal(s) and pre-cleared investigators in the regular full-time employment of the attorney may meet with the inmate without the necessity of the inmate's attorney being present. A translator may not meet alone with the inmate. These meetings may be contact or non-contact, at the discretion of the USMS/BOP/DF.

It is hereby ORDERED that the modifications set forth above are incorporated into the SAM order. With those modifications, the defendant's motion to lift all SAM Restrictions is DENIED. We express no opinion as to the constitutionality of Mikhel's conditions of confinement except to the extent those conditions relate to his right to effective assistance of counsel in the present appeal.

The stay of proceedings is lifted. The opening brief is due March 31, 2009. The answering brief is due May 29, 2009. The reply brief is due June 30, 2009.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.